# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **JERRY HUNTER AND EMMA HUNTER** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil No. 20-cv-2016-SHM/jay |
| ) | |
| **NEWREZ, LLC d/b/a SHELLPOINT** ) | |
| **MORTGAGING SERVICE** ) | |
| ) | |
|     **Defendants.** ) | |

## REPORT AND RECOMMENDATION

On February 21, 2020, Defendant filed a Motion to Dismiss. (Docket Entry ("D.E.") 14.) Pursuant to the Court's January 15, 2020, Order (D.E. 8), the motion is before the undersigned Magistrate Judge for report and recommendation. For the reasons set forth below, I respectfully recommend that the District Court DENY the Defendant's Motion to Dismiss (D.E. 14), without prejudice, as moot.

Defendant seeks dismissal of the Plaintiff's December 3, 2019, "Petition to Correct Deed of Trust's Property Description and to Remove Lien from Wrong Property.[1]" (D.E. 14-1, PageID 59.) Defendant contends that the Plaintiff's Original Petition fails as a matter of law and must be dismissed. (*Id*.)   However, Defendant's contentions regarding the Original Petition are now moot.

Once a plaintiff has been granted leave to file an amended complaint/petition, courts routinely deny pending motions to dismiss as moot. *See, e.g., Church Joint Venture v. Blasingame*,

---

[1] Hereinafter referenced as the "Original Petition."

No. 12-2999, 2013 U.S. Dist. LEXIS 197687, *5 (W.D. Tenn. Sept. 27, 2013) ("Defendants' Rule 12(b)(6) motion to dismiss is DENIED AS MOOT without prejudice to Defendants' right to file a renewed motion addressing the amended complaint.") (emphasis in original); *Nettles v. Hotel Peabody, G.P.,* No. 2:09-cv-02776-JPM-dkv, 2010 U.S. Dist. LEXIS 48903, *5-6 (W.D. Tenn. May 18, 2010) (granting leave to amend complaint and denying defendant's partial motion to dismiss, with leave to renew after Plaintiff had an opportunity to amend his complaint). This approach is supported by the general rule that an amended pleading supersedes its previous iterations. *Garrett v. Mays,* 777 F. App'x 816, 817-18 (6th Cir. 2019) (vacating and remanding because the petitioner's amended habeas petition was an exception to the general rule that an amended pleading supersedes the original pleading).

In the case at hand, on April 6, 2020, the Court granted the Plaintiffs leave to amend their Original Petition. (D.E. 23.)   Plaintiffs filed their Amended Petition (D.E. 24) on April 17, 2020. Therefore, the Defendant's pending Motion to Dismiss does not address the operative pleading in this case.   Accordingly, I respectfully recommend that the District Court DENY the Defendant's Motion to Dismiss (D.E. 14) as moot, without prejudice to Defendant's right to file a renewed motion addressing the Amended Petition.

Respectfully submitted this 17th day April, 2020.

<u>s/Jon A. York</u><br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72.1(g). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**